1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  TRIDENT ENVIRONMENTAL AND              No. C 04-00256 SBA
   ENGINEERING, INC.,
9                                         **ORDER GRANTING IN PART AND**
             Plaintiff,                   **DENYING IN PART PLAINTIFF'S**
10                                        **MOTION FOR REVIEW OF TAXATION**
                                          **OF COSTS AND OBJECTION TO**
11     v.                                 **GULF'S BILL OF COSTS**

12  GULF INSURANCE GROUP; GULF
    UNDERWRITERS INSURANCE COMPANY        [Docket No. 56]
13
             Defendants.
14  _____/

15        This matter comes before the Court on Plaintiff Trident Environmental and Engineering,

16  Inc.'s ("Plaintiff") Motion for Review of Taxation of Costs and Objection to Bill of Costs [Docket

17  No. 56] challenging the Clerk of the Court's taxing of  Defendants' Gulf Insurance Group and Gulf

18  Underwriters Insurance Co. (collectively "Gulf") submitted Bill of Costs [Docket No. 53] and

19  Amended Bill of Costs [Docket No. 54].

20                              **BACKGROUND**

21        On January 28, 2005, this Court granted Gulf's Motion to Dismiss Plaintiff's Third Amended

22  Complaint, with prejudice.

23        On February 3, 2005, this Court entered Judgment in favor of Gulf against Plaintiff,

24  pursuant to the January 28 Order.

25        The following day on February 4, 2005, Gulf submitted to the Office of the Clerk, via e-

26  filing, a Bill of Costs ("Bill").  The Bill claimed expenses in the amount of $902.74 for "Fees of the

27  Clerk" and $164.75 for "Fees for service of summons and subpoena," for a total bill of $1,067.49.

28        After Gulf e-filed the Bill, the Clerk requested that Gulf submit invoices substantiating the

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

amounts claimed in the Bill.  Declaration of John P. Makin, ¶ 5.

On March 1, 2005, Gulf submitted, via e-filing, an Amended Bill of Costs to the Clerk.  The identical Bill was submitted, totaling $1,067.49, but was now accompanied by three invoices from One Legal, Inc. ("One Legal").  Declaration of Tatia Lira ("Lira Decl."), Ex. E.  It also included an attachment detailing the costs as follows: (1) $630.99 for Notice of Removal on 1/16/04, (2) $271.75 for Cover Sheet, Notice of Removal, and Proof of Service on 1/16/04, and (3) $164.75 for Service of Notice of Motion to Dismiss Complaint, Memorandum of Points and Authorities, Declaration of John P. Makin, Proposed Order, and Proof of Service on 1/21/04.  *Id.*

The following day, on March 2, 2005, the Clerk taxed costs in favor of Gulf for the full requested amount of $1,067.49.

On March 8, 2005, Tatia Lira, counsel for Plaintiff, sent an email to Gulf's counsel requesting that the parties meet and confer regarding their objections to Gulf's Bill, pursuant to Local Rule 54-2.[1]  Lira Decl., ¶3 & Ex. B.  Lira also objected to the timeliness of the Bill filing, as well as the reasonableness and necessity of the costs.

On March 9, 2005, Plaintiff filed the instant Motion to Review Taxation of Costs and Objection to Bill of Costs.

## **LEGAL STANDARD**

**A.    Federal Rule of Civil Procedure 54 and the Civil Local Rules of this District**

Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  28 U.S.C. § 1920  lists categories of costs that a judge or clerk of any federal court

---

[1]Plaintiff's counsel Lira appeared to have misunderstood the procedure under the Local Rules for objecting to and petitioning for review of a taxation of costs.  In her email, she requested that the parties meet and confer pursuant to Civil L.R. 54-2.  However, this rule and the requirement that parties meet and confer only applies to objecting to the bill of costs submitted to the Clerk *prior* to the Clerk's decision.  This email was sent *after* the Clerk had taxed costs and just prior to Plaintiff filing for review of the taxation pursuant to Civil L.R. 54-5.  Regardless, this misunderstanding does not materially alter the analysis by the Court.

2

may tax, and includes fees for the clerk and marshal as well as docket fees.[2]  The standards for which categories of costs this Court will allow to be taxed and which categories it will not allow to be taxed are set forth in Civil L.R. 54-3.  The Civil Local Rules' standards for taxing costs state, "(1) The Clerk's filing fee is allowable if paid by the claimant.  (2) . . . .  Fees for service of process by someone other than the marshal acting pursuant to FRCivP 4(c), are allowable to the extent reasonably required and actually incurred."  Civil L.R. 54-3(a).

As a general matter, the district court has discretion under Fed. R. Civ. P. 54(d) to set the amount of costs to be taxed, although that discretion does not extend to awarding costs beyond those authorized by statute.  *Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989).  But "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded."  *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).  If the court declines to award costs that ordinarily are taxable, it must specify reasons for its decision.  *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000).

**B.**   **Procedures for Requesting or Opposing Taxation of Costs**

A prevailing party seeking to recover costs must file and serve a bill of costs no later than fourteen (14) days after the order or entry of judgment for which costs may be claimed.  Civil L.R. 54-1(a).  When a prevailing party files a bill of costs, the bill "must state separately and specifically each item of taxable costs claimed" and "must be supported by an affidavit, pursuant to 28 U.S.C. § 1924, that the costs are correctly stated, were necessarily incurred, and are allowable by law."[3]  *Id.*

---

[2]28 U.S.C. 1920 reads: "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all of any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.  A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

[3] 28 U.S.C. § 1924 provides: "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit . . . that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

United States District Court

For the Northern District of California

The prevailing party must also attach "[a]ppropriate documentation to support each item claimed." *Id.* "Any party who fails to file a bill of costs within the time period provided by this rule will be deemed to have waived costs."  Civil L.R. 54-1(c).  Under this Court's Civil Local Rules, a party against whom taxation of costs is sought may file objections to the bill of costs, after his or her counsel has met and conferred with opposing counsel or attempted in good faith to do so, within ten (10) days after service of the bill of costs.  Civil L.R. 54-2.

No sooner than ten (10) days after the filing of a bill of taxable costs, the Clerk shall tax costs after considering any objections filed pursuant to Civil L.R. 54-2.  Civil L.R. 54-4(b).  A party may file with the assigned Judge a motion for review of the costs allowed within five (5) days of the entry of notice of the taxation of costs, pursuant to Fed. R. Civ. P. 54(d)(1), and  Civil L.R. 54-5.  If no motion for review is timely filed, the bill of costs shall become final fifteen (15) days after the date of the Clerk's taxing of costs.  Civil L.R. 54-5.

**ANALYSIS**

Plaintiff sets forth three separate arguments to support the reversal of the Clerk's taxing of costs.  First, Plaintiff argues that Gulf waived their costs because the bill was not submitted in a timely fashion.  Second, they argue that the service of process by One Legal is not a taxable cost under current law.  Third, Plaintiff contends that the costs are unreasonable and excessive.  These arguments are taken in turn.

**A.      Timeliness of Gulf's Bill of Costs**

Gulf submitted their initial Bill on February 4, 2005, but did not include the substantiating documentation required by Civil L.R. 54-1(a).  The Clerk requested the substantiating documentation,[4] which was submitted by Gulf on March 1, 2005, and the costs were taxed the following day.  Plaintiff contends that Gulf waived their costs pursuant to Civil L.R. 54-2(c) because a bill complete with supporting documentation was not submitted until long after the fourteen day time period set out by Civil L.R. 54-1(a) had elapsed.

Gulf's initial submission is in violation of the procedures set out in the Local Rules, but it

---

[4]There is no information in the record as to what day, or in what manner, the Clerk of the Court requested substantiating documentation of Gulf.

United States District Court

For the Northern District of California

does not appear to have severely prejudiced the Plaintiff.  It is clear that Plaintiff had no time to object to the invoices submitted by Gulf prior to the Clerk's taxation of costs since the Clerk taxed the costs the day following their submission.  However, Plaintiff failed to object to the Bill in any manner during the requisite ten days allotted to submit objections to the Clerk, including any attempt to object for lack of substantiating documentation.  Given Plaintiff now has protested the Clerk's taxation, and has availed itself of the opportunity to object to the Bill, it is unnecessary for the Court to deny Gulf their opportunity to recover costs after timely filing an, albeit incomplete, bill of costs.

After weighing the potential inequities to both parties as described, the Court DENIES Plaintiff's request to rule that Gulf has waived its costs.

**B.     Costs for Service of Process Under 28 U.S.C. § 1920**

Plaintiff contends that the private process server costs awarded by the Clerk are not permitted by, and have been specifically disclaimed under, 28 U.S.C. § 1920.  Motion for Review of Taxation of Costs ("Motion") at 2:14-18. To support this, Plaintiff merely cites to two cases from the Eighth and Second Circuits.  Although Plaintiff is correct that these Circuits have held that special process server fees are not recoverable since they are not explicitly provided for in § 1920,[5] they are wrong to argue that this is the controlling law which this Court should follow.

Gulf correctly directs the Court to the Ninth Circuit's decision of *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175 (9th Cir. 1990).  In this case, the court concedes that 28 U.S.C.§ 1920 limits judicial discretion on the kinds of expenses that are recoverable, but it finds that it does not prevent courts from interpreting the meaning of the language used in § 1920.  *Id.* at 177 (citing *West Wind Africa Line v. Corpus Christi Marine S.*, 834 F.2d 1232, 1238 (5th Cir. 1988)).  The court held that § 1920(1)'s allowance for "[f]ees of the clerk and marshal" demonstrated an intent by Congress to make service of process by private parties a taxable item since the Marshal does not generally serve this purpose any longer.  *Id.* at 178.  The court even explicitly disagrees

---

[5] *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) ("KFC [cannot] recover $250 for use of a special process server, because 28 U.S.C. § 1920 [] contains no provision for such expenses."); *U.S. for Use & Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 172 (2d Cir. 1996) ("[W]e concur with the Eighth Circuit that the plain language of § 1920 clearly does not authorize the shifting of private process fees.").

United States District Court

For the Northern District of California

with the holding of *Crues v. KFC*, one of the cases on which Plaintiff depends.  *Id.* at 178 n. 6.

However, the reasonable interpretation of Civil L.R. 54-3(a)(2), which states in pertinent part that "[f]ees for service of process by someone other than the marshal acting pursuant to FRCivP 4(c), are allowable to the extent reasonably required and actually incurred," is that fees for service of process may only be taxed if the person acting pursuant to Fed. R. Civ. P. 4(c) is serving a summons and complaint.[6]  Under this reading, the instant service would not be taxable under the Local Rules because the process being served was for notice of a Motion to Dismiss and the accompanying documentation, not for a summons and complaint.[7]

The Court therefor GRANTS Plaintiff's request to OVERTURN the Clerk's taxing of costs in the amount of $164.75 for service by a private party because the Local Rules do not allow these costs for service of process for documents other than a summons and complaint.

## C.    Reasonableness and Excessiveness of Fees

Civil L.R. 54-3(a) allows for the granting of costs for (1) the clerk's filing fee, and (2) fees of the marshal and for service of process by someone other than the marshal to the extent reasonably required and actually incurred.  Plaintiff takes issue with the reasonableness of both the filing fees and the service fees.

### 1.    Filing Fees

Plaintiff contests the filing fee for Gulf's motion to dismiss as being unreasonable and suspect because the Northern District Court does not charge a filing fee for "motions, and other pleadings once the complaint has been filed."  Motion, 2:26-3:2.  Plaintiff is correct that the

---

[6]Fed. R. Civ. P. 4(c) reads, "Service with Complaint; by Whom Made.  (1) A summons shall be served together with a copy of the complaint. . . . (2) Service may be effected by any person who is not a party and who is at least 18 years of age. . . ."

[7]This is in contrast to the situation in *Alflex Corp*. where the court was clearly dealing with a local rule that allowed for similar service costs since the local rule permitted the "taxing as costs 'fees for service of process (whether served by the United States Marshal or other persons *authorized* by Fed. R. Civ. P. 4).'"  *Alflex Corp*., 914 F.2d at 176 (emphasis added) (quoting Central District Local Rule 16.4.2).  This local rule appears to refer to the Fed. R. Civ. P. 4(c)'s authorization of service of process by someone "not a party and who is at least 18 years of age," and permits for taxing of associated costs.  Civil L.R. 54-3(a)(2), on the other hand, is more restrictive and only authorizes taxing for fees associated with service of process for someone acting *pursuant* to 4(c), which sets forth the acceptable procedure for serving a summons and complaint only.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

Northern District does not charge for these filings, but they are incorrect in asserting that Gulf submitted a bill of cost for fees associated with filing its Motion to Dismiss.

The attached invoice from One Legal clearly shows that charges were only made for the filing fee of the Notice of Removal.  Lira Decl., Ex. E, p. 4.  This Court does charge a $150 fee for this filing, and is recoverable under Civil L.R. 54-3 (a)(1) as a clerk's filing fee.  However, Gulf also included in its total of costs the service fee, surcharge, funds advanced fee, telephone/fax fees, and photocopying fees amounting to $121.75 associated with the filing and charged by One Legal.  *Id.*  There does not appear to be any authority for the Court to tax costs for these collateral expenditures to filing. Civil L.R. 54-3 is simple and explicit when it allows costs for  "the *clerk's* filing fees" (emphasis added).

The Court therefor AFFIRMS the Clerk's taxing of costs for the $150 filing fee associated with Gulf's Notice of Removal, but sustains the objection and OVERTURNS the Clerk's taxing for all associated fees in One Legal's invoice amounting to $121.75.

Gulf also included filing fees for the Notice of Removal on a separate invoice in its Bill amounting to $630.99. Lira Decl., Ex. E, p. 3.   However, the invoice associated with these fees states that they pertain to Contra Costa Superior Court fees, not the District Court.  *Id.*  The Civil Local Rules define the term "Clerk" as "the Clerk or Deputy Clerk of the Court," and define the term "Court" as "the United States District Court for the Northern District of California . . . ."  Civil L.R. 1-5(a) & (b).  This Court does not have the discretion to award costs beyond those authorized by statute, and thus cannot tax costs for fees associated with state courts.  *Johnson*, 878 F.2d at 298.

The Court therefor OVERTURNS the Clerk's taxing of costs of $630.99 for the Notice of Removal fees associated with the Superior Court.

### 2.        Private Party Service of Process Fees

In addition to objecting to the private service of process fees as improper, Plaintiff also contests the reasonableness and necessity of the costs taxed for the service.  Civil L.R. 54-3(a)(2) allows for the taxing of service of process by someone other than the Marshal as long as they are "reasonably required."  Plaintiff argues that service was not required by One Legal because (1) this was an e-filing case where physical service was unnecessary, (2) the service was not proper because

it was conducted via facsimile without prior consent in violation of Fed. R. Civ. P. 5(b)(2)(D),[8] and (3) the service had already been mailed by Gulf's attorneys, making One Legal's service redundant. Motion at 3:6-16.

Gulf contends that physical service was necessary because an e-file account for the case had not yet been created by the Clerk at the time of service of notice of removal and notice of its Motion to Dismiss.  Defendant's Opposition, 3:1-5.  Plaintiff counters that an attorney need only register with PACER before e-filing any documents with the Clerk.  Plaintiff's Reply, 2:8-9.[9]  However, the docket clearly demonstrates that this case was not designated for e-filing until January 27, 2004 – after the filing of the Notice of Removal on January 16, 2004 and the Motion to Dismiss on January 21, 2004.  The need for physical process was therefor legitimate.

However, Gulf makes no effort to contest Plaintiff's arguments that the service by One Legal was improperly performed by fax and redundant after already being mailed to Plaintiff, thus it certainly appears that the One Legal's service was unnecessary and ineffective.  Without a prior arrangement between the parties, service by fax is improper under Fed. R. Civ. P. 5(b)(2)(D).  It would be inequitable to charge the opposing party with costs improperly and extraneously incurred by their opponent due to oversight or a misunderstanding of the Federal Rules of Civil Procedure.  If the Court were to grant these costs, parties could later recover costs that were recklessly and needlessly incurred.

 In addition to the reasons set forth in Section B above, the service of process fees taxed by the Clerk are OVERTURNED because Gulf utterly fails to contest that there had not been an agreement to authorize service via facsimile or that One Legal's service was redundant.

---

[8]Fed. R. Civ. P. 5(b)(2)(D) allows service by "[d]elivering a copy by any other means, including electronic means, consented to in writing by the person served."

[9]Plaintiff also argues in its reply that the Court should deny an award of costs because it is proper to do so where the prevailing party obtained only a nominal victory, or because the taxable costs of the litigation were disproportionate to the result achieved.  Plaintiff improperly raises this argument for the first time in its reply brief and so the Court should not consider it. *See Morton v. Bank America Inc.*, 812 F. Supp. 1062, 1071 (C.D. Cal. 1993) (refusing to consider argument raised for the first time in the reply).  However, even were the Court inclined to consider this argument, Plaintiff completely failed to provide any factual support such that the Court could make a reasoned analysis.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CONCLUSION**</u>

In light of the arguments presented, the taxing of Gulf's Bill of Costs by the Clerk is AFFIRMED in the amount of $150 for the filing fees associated with their Notice of Removal.  All other fees, including those associated with the Notice of Removal from state court and the service of process by One Legal totaling $917.49, are OVERTURNED.

IT IS SO ORDERED.

Dated: February 16, 2006

SAUNDRA BROWN ARMSTRONG
United States District Judge

9